416 A.2d 708 (1980)
A. L. W., Defendant, Appellant,
v.
J. H. W., Plaintiff, Appellee.
Supreme Court of Delaware.
Submitted April 11, 1980.
Decided June 6, 1980.
Charles P. Brandt, Wilmington (argued) and Joseph W. Benson, of Brandt & Benson, Wilmington, for defendant, appellant.
Frederick T. Haase, Jr., Wilmington (argued), of Roeberg & Associates, P.A., Wilmington, for plaintiff, appellee.
Before DUFFY, McNEILLY and QUILLEN, Justices.
*709 DUFFY, Justice:
This appeal presents one question for decision by the Court: Does a Family Court Master have authority to enter a decree of divorce which immediately, and finally, disposes of the claims of the parties and terminates Family Court jurisdiction over those claims? We conclude that a Master does not have such power.

I
The relevant facts are as follows:
Plaintiff-husband filed an action for divorce on November 28, 1978, alleging that the marriage contracted between the parties some twenty-five years before that date was irretrievably broken and characterized by voluntary separation. 13 Del.C. § 1505(b)(1). Defendant-wife was served. She was represented by counsel.[1] Her attorney, allegedly because of excusable neglect, failed to file a response or counterclaim under 13 Del.C. § 1511.[2] On December 28, a Family Court Master conducted an uncontested hearing and, at its conclusion, entered a "final decree of divorce."[3] Defendant had not been given notice of the hearing and, indeed, she learned about it only after the decree had been entered. She then retained different counsel and, on January 12, 1979, filed an affidavit of dependency *710 and a motion for alimony and other relief. On February 6, defendant filed a Rule 60(b) motion in which she requested that the judgment be opened.[4]
The Family Court denied defendant's motions for ancillary relief on the premise that it lacked jurisdiction to consider them.[5] The Court relied upon 13 Del.C. § 1518, which provides that: "A decree granting... a petition for divorce ... is final when entered...." On the basis of that Statute, it concluded that the Master's December 28 decree was effective immediately and operated to finally determine the litigation between the parties, that is, the case was "completed and terminated."

II
As we observed at the beginning of this opinion, the critical issue on appeal concerns the power of the Master to do what he did in this case, namely, enter a final decree of divorce. In examining the power of a Master, we begin with § 1516(b) of the Divorce Statute, which reads as follows:
"A judge, sitting without a jury, shall conduct all hearings and trials where there is a contest; but, pursuant to Court rule, hearings in uncontested proceedings may be conducted by a master, sitting without a jury, in accordance with § 913 of Title 10."
This section creates specific statutory authority for a Master to conduct a "hearing" in an uncontested divorce proceeding. That hearing is to be held "pursuant to [Family] Court rule." Whatever power that general language may implicitly confer upon the Family Court for procedural purposes, we are satisfied that it does not create in the Court the power to authorize a Master to do more than § 1516(b) permits him to do. In other words, the Statute authorizing the Court to appoint and use Masters also provides a limitation upon the power which may be conferred upon them: § 1516(b) requires that a Master conducting a divorce hearing must do so "in accordance with" 10 Del.C. § 913. And to that we now go. That Statute reads as follows:
"(a) The Chief Judge may appoint, commission and set salaries of suitable persons to act as Masters in the Court, all of whom shall hold office at the pleasure of the Chief Judge and shall be residents of the State for at least 5 years immediately preceding their appointment. The salaries so set shall be a part of the annual budget of the Family Court and shall reflect the educational background, experience and time commitment of the person appointed to such office.
(b) When requested by the Chief Judge, a Master may hear any matter properly before him and may order the issuance of legal process to compel the attendance of necessary parties and witnesses.
The Master shall announce his conclusion to the parties or to their attorneys; or in the case of a hearing, shall relate to a child, then to a custodian, adult friend, or attorney for the child, or in case there be no custodian, adult friend or attorney for the child, then to a probation officer.
The Master shall transmit to the Chief Judge or such Associate Judge as the Chief Judge designates, all papers and records relating to the case, together with his findings and recommendations in writing.
(c) A review de novo by an Associate Judge designated by the Chief Judge, shall be allowed, provided any above named person petitions in writing for the same within 15 days from the date of a Master's announcement, as aforesaid, of his findings and recommendations.

*711 In the event that no such hearing is requested within the 10 [sic] day period aforesaid, the findings and recommendations of the Master, unless they be disapproved in writing by an order of the Chief Judge, shall become the judgment of the Court, with rights of appeal reserved to all parties."
Subparagraph (a) of the Statute fixes the qualifications for Masters and authorizes the Chief Judge of the Family Court to appoint them. Subparagraph (b) defines the powers of a Master. For present purposes, we draw attention to two of those. The first is the power to "hear any matter properly before him." This general language ("to hear") is precisely the same as the specific language used in the Divorce Act, § 1516(b), that is, the power of a Master to conduct a "hearing." While that power is broad, it is certainly limited when compared with the power of a judge who not only "hears" a case but also "determines" the rights of litigants by entering a judgment of the Court.
The limited function of a Family Court Master in being authorized to conduct a hearing (only) is underscored by the second provision in § 913(b) to which we draw attention. After a hearing, the Statute provides, the Master announces his conclusions to the parties and then transmits to the Chief Judge "his findings and recommendations." Thereafter a "review de novo" may be allowed before a Judge of the Family Court. If, however, such a review is not requested within the designated time, the findings and recommendations of the Master "become the judgment of the Court" unless they are "disapproved . . by ... the Chief Judge."
In our opinion, nothing in this statutory plan or procedure authorizes a Master to immediately and finally enter a decree divorcing the parties after a hearing, or otherwise terminate Family Court jurisdiction over the action. He may only make findings and recommendations which, by operation of law under the Statute, ripen into a judgment of the Court, (a) if a hearing is not requested by a party, or (b) the Chief Judge does not disapprove such findings and recommendations.
In effect, this procedure permits a Master to enter a decree nisi, that is, an order which will become final unless one of the two specified events occurs. The significance of the waiting period is underscored by the specific language of § 913(c) which provides that it is only after the time period has run that the findings and recommendations of the Master become "the judgment of the Court." That judgment becomes final by the entry of a divorce decree by the Court. 13 Del.C. § 1518. Implicitly, the right of appeal to this Court begins at that time. 13 Del.C. § 1522.
Plaintiff relies upon Family Court Rule 380(f), which provides that a "Master's judgment [in an uncontested divorce action] shall be final upon entry subject only to a right of appeal in accordance with 10 Del.C. § 960." Clearly, if that provision refers to entry by a Master, it is in conflict with § 913 and thus is invalid. A Master does not have the power to enter a "judgment" and the fundamental mistake that Family Court made in this case was to base its ruling on the premise that the Master who entered the decree did have such power. To so interpret the Rule would, in effect, permit the Court to delegate its judicial power to a Master in violation of the governing Statutes. The Judges of the Family Court, in the exercise of the rulemaking power or otherwise, may not delegate judicial authority of the performance of judicial acts, 46 Am.Jur.2d Judges § 23. That limitation is emphasized in the discussion of a master in equity at 30A C.J.S. Equity § 521:
"Certainly the Court cannot delegate to him [the master] judicial powers, and the performance of judicial duties which it alone can exercise; and, in the sense that he can make no final determination of a judicial matter, since all his acts become binding only being approved and adopted by the court, he is not a judicial but a ministerial officer."
And see the Delaware Constitution, Art. IV § 1, as to the vesting of judicial power. By necessity therefore, the word "entry" in *712 Rule 380(f) must be interpreted as meaning the entry of a divorce decree by the Court as contemplated in 13 Del.C. § 1518.
In our opinion, the governing Statute, § 913, does not vest power to enter a final decree of divorce in a Master of the Family Court and, thus, the Master's actions of December 28, 1978 did not finally conclude the divorce action between the parties nor terminate the Court's jurisdiction over it.[6]

III
Here, the Master's "ruling" was timely challenged when defendant filed an affidavit and accompanying motion for ancillary relief on January 12, 1979.[7] Thus, Family Court jurisdiction to consider that application (and, indeed, to hear the divorce action de novo) still existed and is expressly provided for in 10 Del.C. § 913(c). For that reason, the Family Court's ruling that it lacked jurisdiction to consider defendant's ancillary claims is incorrect and must be reversed.[8]

* * * * * *
We are aware that our ruling in this appeal will require changes in Family Court practice. Thus a Master may not enter a final decree of divorce and he may not sign such a decree, nor enter a judgment for the Court. When an uncontested divorce hearing is conducted by a Master, the final decree or other evidence of such a decree may not be issued by the Court until after the Master's findings and recommendations have become the judgment of the Court as evidenced by the entry of a decree.[9]
Our ruling in this case is not intended to retroactively affect any other final decree of divorce issued by a Master before the end of the nisi period required by the Statute. In the absence of a review de novo or disapproval of the Master's findings and recommendations by the Chief Judge, the Master's ruling later became, under the practice and law then existing, the judgment of the Court by operation of law and undoubtedly took effect nunc pro tunc as of the date it had been made. See, generally, 46 Am.Jur.2d Judgments § 223.
That general comment applies to the divorce granted in this case. The master's ruling ripened into a divorce decree of the Court effective, nunc pro tunc, on December 28, 1978. The filing of the Rule 60(b) motion on February 6, 1979 did not affect that consequence. The Family Court denied the motion and its ruling is the law of the case. Other issues remain open for determination after remand.

* * * * * *
Reversed and remanded for proceedings consistent herewith.
NOTES
[1] On August 11, 1978, the Court had entered a consent order of support and, on November 22, 1978, after a hearing in which both parties were represented by counsel, the Court denied the husband's petition to modify the support order. The divorce complaint was filed six days thereafter.
[2] 13 Del.C. § 1511 provides in part:

"(a) Respondent [defendant] may file a verified response, move or otherwise plead in answer to the petition, and may counterclaim for divorce or annulment against petitioner [plaintiff], within 20 days after personal service, receipt of service by mail, appearance personally or by counsel, or the date of publication of notice.
(b) Respondent may seek an award of interim relief under § 1509 of this title, alimony where appropriate under § 1512, disposition of property, attorney's fees, resumption of former name or any other relief available to a petitioner."
[3] The Master's authority to conduct a divorce hearing is granted by 13 Del.C. § 1516(b), which provides in part that: "hearings in uncontested proceedings may be conducted by a master ... in accordance with § 913 of Title 10."
[4] We understand from the statements made at oral argument in this Court by counsel for defendant, that the only purpose of the Rule 60(b) motion was to open the judgment for consideration of defendant's claim for ancillary relief; it was not intended to be a challenge to the divorce.
[5] The Family Court also denied the Rule 60(b) motion, but it is not necessary to review that ruling.
[6] Plaintiff argues that the power of the Master to enter a final decree of divorce, effective immediately, was never presented to the Trial Court. The interests of justice, however, require us to consider it. See Rule 8. Jurisdictional questions are fundamental in any proceeding and that is particularly true in this case; the Trial Court's ruling was based on an assumption of finality which was, as a matter of law, beyond the Master's power to determine.
[7] By our calculations, those actions were taken within the fifteen-day period prescribed by 10 Del.C. § 913(c). Time is measured by including the date on which the motion was filed and excluding the date on which the ruling was made. There does not appear to be a Family Court rule governing the computation of time but the practice is uniform in other Delaware Courts. See Supreme Court Rule 11, Court of Chancery Rule 6, Superior Court Civil Rule 6, Court of Common Pleas Civil Rule 6, and Justice of the Peace Court Rule 8.
[8] In view of our ruling on jurisdiction, and because only ancillary relief is in controversy, we do not reach other issues argued by the parties.
[9] While not pertinent to this case, we understand the Family Court has proposed changes in its practice and its forms directed to the problems noted in this case.