**Stephen A. DAVIS, Respondent Below, Appellant,**

v.

**Tammy L. MITCHELL, Petitioner Below, Appellee.**

**No. 135, 1996.**

Supreme Court of Delaware.

Submitted: Nov. 8, 1996.

Decided: Nov. 12, 1996.*

* This opinion replaces and supersedes the panel opinion issued on October 25, 1996. This matter was reconsidered by the Court *en Banc* to resolve any apparent conflict between the original panel opinion and any prior panel decisions of this Court.

Gary L. Smith, Newark, for appellant.

Joel D. Tenenbaum, and David C. Gagne, Woloshin, Tenenbaum & Natalie, Wilmington, for appellee.

HOLLAND, Justice:

This is an appeal from a final judgment of the Family Court. The respondent-appellant, Stephen A. Davis ("Davis"), and the petitioner-appellee, Tammy L. Mitchell ("Mitchell"), are the parents of a minor child. The origin of this proceeding relates to child support. The Family Court judgment dismissed Davis' request for review *de novo* by a Judge because Davis had failed to appear at a hearing before a Master.

Davis contends that the Family Court erred, as a matter of law. According to Davis, the applicable statute provides that there is an absolute right to a review *de novo* by a Judge of the Family Court of a Master's order, if a timely request for such review is filed. 10 *Del.C.* § 913(d). This Court has concluded that Davis' contention is correct. Therefore, the judgment of the Family Court must be reversed.

The role of Masters in the statutory scheme of the Family Court system has been reviewed at length in several prior decisions by this Court. *See Redden v. McGill,* Del. Supr., 549 A.2d 695 (1988); *State v. Wilson,* Del.Supr., 545 A.2d 1178 (1988); *A.L.W. v. J.H.W.,* Del.Supr., 416 A.2d 708 (1980). This Court has recognized the importance of Masters in assisting the Family Court with regard to its very large caseload. *State v. Wilson,* Del.Supr., 545 A.2d at 1186. That importance is also reflected in the Family Court's civil and criminal rules. *Id.*

■ The authority of Masters in the Family Court, however, originates with and is circumscribed by statute. 10 *Del.C.* § 913. Section 913(d)(1) provides:

At the end of any hearing or within a reasonable time thereafter, a Master shall enter the order in writing which shall announce the result and provide an explanation therefor. Every written order by a Master shall inform all parties that, as provided in this section, *there is an absolute right to a review de novo by a Judge* and that in the absence of a request within 15 days for de novo review, the written order of a Master shall become enforceable by any legal means. Any party may obtain a review de novo of any Master's written order by a Judge by filing with the Court a written request therefor within 15 days from the date of a Master's written order....

10 *Del.C.* § 913(d)(1) (emphasis added).

Section 913(e) provides:

Upon request for review de novo, the case shall be placed upon the calendar of the Court and treated for all purposes as if it had not been referred to a Master. *Upon review de novo, unless otherwise stipulated by the parties the Court shall not admit evidence that there has been a proceeding before a Master, the nature of the Master's written order, nor any other matter concerning the conduct or outcome of the Master's proceeding....*

10 *Del.C.* § 913(e) (emphasis added).

■ In this case, the Family Court held that it is "well settled in [the Family Court] that the right to a review [*de novo*] of a Master's decision is premised upon the fact that the party seeking review has appeared in the first instance at the Master's hearing." Thus, the Family Court has apparently made the failure to appear before the Master a procedural bar to review *de novo.* However, the requirement that a party must appear

before a Master as a condition precedent to exercising the right to review *de novo* before a Family Court Judge, is inconsistent with the enabling legislation. *See State v. Wilson,* 545 A.2d at 1186; *A.L.W. v. J.H.W.,* Del. Supr., 416 A.2d 708 (1980).

The Family Court's holding is contrary to the statutorily granted absolute right of review *de novo* and "is at clear variance with the limited functioning of the master pro-

cess." *State v. Wilson,* 545 A.2d at 1186. The judgment of the Family Court is reversed. This matter is remanded for review *de novo* by a Family Court Judge.