**DIVISION OF CHILD SUPPORT ENFORCEMENT/Denise SMITH, Petitioner Below, Appellant,**

v.

**Terry NEAL, Respondent Below, Appellee.**

**No. 36, 1996.**

Supreme Court of Delaware.

Submitted: Dec. 3, 1996.

Decided: Jan. 8, 1997.

W. Michael Tupman, Department of Justice, Wilmington, for Appellant.

Terry Neal Bear, pro se, appellee.

Alan N. Cooper, Wilmington, for Family Law Section, Delaware State Bar Association, Amicus Curiae.

Before HOLLAND, HARTNETT and BERGER, JJ.

PER CURIAM.

We affirm the Family Court's holding that the State Division of Child Support Enforcement Division ("Division") is not entitled to a *de novo* hearing reviewing an order entered by a Family Court Master because the Division did not request a hearing within the 15 days mandated by the statute.

The Family Court Master entered an Order for child support against Appellee, Terry Neal. Mr. Neal then timely requested a *de novo* hearing before a Family Court judge, but the Division, which had brought the petition for support on behalf of the mother of the child, did not also request a review. On the day scheduled for the *de novo* hearing, Mr. Neal sought to withdraw his request and, although it was opposed by the Division, the Court granted the application. Because the Division had not filed for a *de novo* review, the Family Court held that the Division could not obtain a *de novo* hearing under these circumstances and, therefore, the Order entered by the Master became the Final Order of the Family Court. This appeal followed.

A *de novo* hearing by a Family Court judge of an order entered by a Family Court Master, under 10 Del.C. § 913, results in an entirely new hearing before the judge and the evidence adduced at the new hearing is not limited to the evidence previously adduced before the Master. *Davis v. Mitchell,* Del.Supr., 684 A.2d 756 (1996); *Ellington v.*

*Ledbetter,* Del.Supr., No. 408, 1991, Walsh, J. (May 12, 1992) ORDER, 610 A.2d 724 (TABLE).

The General Assembly, when it vested Family Court Masters with the power to hear cases, provided that the right to a review *de novo* from the Master's order is a party's absolute right, but only if exercised within 15 days of the Master's Order. *Id.,* 10 Del.C. § 913(d)(1) states:

At the end of any hearing or within a reasonable time thereafter, a Master shall enter the order in writing which shall announce the result and provide an explanation therefor. Every written order by a Master shall inform all parties that, as provided in this section, there is an absolute right to a review de novo by a Judge and that in the absence of a request within 15 days for de novo review, the written order of a Master shall become enforceable by any legal means. Any party may obtain a review de novo of any Master's written order by a Judge by filing with the Court a written request therefor within 15 days from the date of a Master's written order; except, however, there shall be no review by a Judge in contravention of any state or federal constitutional prohibition against double jeopardy.

10 Del.C. § 913(f) states:

A request for a review de novo shall be the sole remedy of any party with respect to a Master's written order, except for posthearing motions before the Master. A Master's written order shall become an enforceable judgment of the Court only after the time for requesting a review de novo has expired without any such request. A judgment derived from a Master's written order shall have the same force and

effect as any other judgment of the Court, except that it shall not be subject to appeal.

■ The text of the statute clearly limits a request by a party for a *de novo* review to a 15 day period. There is no exception for cross requests. Nothing has been submitted to indicate that the General Assembly intended the text of the statute to have a different meaning. *Davis, supra; see Alfieri v. Martelli,* Del.Supr., 647 A.2d 52 (1994). Because the Division, a party to the suit, failed to seek a review *de novo* within the 15 day period, it was precluded by the text of the statute from seeking such a review thereafter, even when Mr. Neal withdrew his request after the 15 days had elapsed.

Family Court Rule 41(a) which provides for the voluntary dismissal of an action by the petitioner, by its terms, is not applicable because Mr. Neal is not the petitioner in the action, nor was his request for a *de novo* review an action.*

If there is to be any change in the procedures set forth in 10 Del.C. § 913, the General Assembly may amend the statute.

The Order of the Family Court is therefore **AFFIRMED.**

### APPENDIX A

684 A.2d 756

IN THE SUPREME COURT OF THE
STATE OF DELAWARE

Stephen A. Davis, Respondent
Below, Appellant,

v.

Tammy L. Mitchell, Petitioner
Below, Appellee.

No. 135, 1996

Submitted: November 8, 1996

Decided: November 12, 1996 *

Upon appeal from the Family Court. **RE-VERSED.**

---

* Family Court Rule 41(a) states:
 **Voluntary Dismissal; Effect Thereof.**
 **(1) By Petitioner; by Stipulation.** An action may be dismissed by the petitioner without order of court (i) by filing a notice of dismissal at any time before entry of appearance by the adverse party or (ii) by filing a stipulation of dismissal signed by all the parties who have appeared in the action.

**(2) By Order of Court.** Except as provided in paragraph (1) of this subdivision of this Rule, an action shall not be dismissed at the petitioner's instance save upon order of the Court and upon such terms and conditions as the Court deems proper. . . .

Court Below—Family Court of the State of Delaware, in and for New Castle County C.A. No. CN87–1523, CPI Nos. 95–35410, 96–00967.

Before VEASEY, Chief Justice, WALSH, HOLLAND, HARTNETT, and BERGER, Justices (constituting the Court *en Banc*).

Gary L. Smith, Esquire, of Newark, Delaware, for appellant.

Joel D. Tenenbaum, Esquire, and David C. Gagne, Esquire, Woloshin, Tenenbaum & Natalie, of Wilmington, Delaware, for appellee.

HOLLAND, Justice:

This is an appeal from a final judgment of the Family Court. The respondent-appellant, Stephen A. Davis ("Davis"), and the petitioner-appellee, Tammy L. Mitchell ("Mitchell"), are the parents of a minor child. The origin of this proceeding relates to child support. The Family Court judgment dismissed Davis' request for review *de novo* by a Judge because Davis had failed to appear at a hearing before a Master.

Davis contends that the Family Court erred, as a matter of law. According to Davis, the applicable statute provides that there is an absolute right to a review *de novo* by a Judge of the Family Court of a Master's order, if a timely request for such review is filed. 10 *Del.C.* § 913(d). This Court has concluded that Davis' contention is correct. Therefore, the judgment of the Family Court must be reversed.

The role of Masters in the statutory scheme of the Family Court system has been reviewed at length in several prior decisions by this Court. *See Redden v. McGill*, Del. Supr., 549 A.2d 695 (1988); *State v. Wilson*, Del.Supr., 545 A.2d 1178 (1988); *A.L.W. v. J.H.W.*, Del.Supr., 416 A.2d 708 (1980). This Court has recognized the importance of Masters in assisting the Family Court with re-

gard to its very large caseload. *State v. Wilson*, Del.Supr., 545 A.2d at 1186. That importance is also reflected in the Family Court's civil and criminal rules. *Id.*

The authority of Masters in the Family Court, however, originates with and is circumscribed by statute. 10 *Del.C.* § 913. Section 913(d)(1) provides:

> At the end of any hearing or within a reasonable time thereafter, a Master shall enter the order in writing which shall announce the result and provide an explanation therefor. Every written order by a Master shall inform all parties that, as provided in this section, *there is an absolute right to a review de novo by a Judge* and that in the absence of a request within 15 days for de novo review, the written order of a Master shall become enforceable by any legal means. Any party may obtain a review de novo of any Master's written order by a Judge by filing with the Court a written request therefor within 15 days from the date of a Master's written order. . . .

10 *Del.C.* § 913(d)(1) (emphasis added).

Section 913(e) provides:

> Upon request for review de novo, the case shall be placed upon the calendar of the Court and treated for all purposes as if it had not been referred to a Master. *Upon review de novo, unless otherwise stipulated by the parties the Court shall not admit evidence that there has been a proceeding before a Master, the nature of the Master's written order, nor any other matter concerning the conduct or outcome of the Master's proceeding. . . .*

10 *Del.C.* § 913(e) (emphasis added).

In this case, the Family Court held that it is "well settled in [the Family Court] that the

---

* This opinion replaces and supersedes the panel opinion issued on October 25, 1996. This matter was reconsidered by the Court *en Banc* to resolve

any apparent conflict between the original panel opinion and any prior panel decisions of this Court.

right to a review [*de novo*] of a Master's decision is premised upon the fact that the party seeking review has appeared in the first instance at the Master's hearing." Thus, the Family Court has apparently made the failure to appear before the Master a procedural bar to review *de novo*. However, the requirement that a party must appear before a Master as a condition precedent to exercising the right to review *de novo* before a Family Court Judge, is inconsistent with the enabling legislation. *See State v. Wilson,* 545 A.2d at 1186; *A.L.W. v. J.H.W.,* Del. Supr., 416 A.2d 708 (1980).

The Family Court's holding is contrary to the statutorily granted absolute right of review *de novo* and "is at clear variance with the limited functioning of the master process." *State v. Wilson,* 545 A.2d at 1186. The judgment of the Family Court is reversed. This matter is remanded for review *de novo* by a Family Court Judge.

APPENDIX B

610 A.2d 724 (table)

IN THE SUPREME COURT OF THE
STATE OF DELAWARE

Juanita Ellington, Appellant,

v.

DCSE/Yvonne Ledbetter, Appellee,

and

Boyd Ledbetter, Appellee.

No. 408, 1991

Submitted: April 14, 1992

Decided: May 12, 1992

Court Below: Family Court of the State of Delaware in and for New Castle County; File No. CN88–9348.

Before HORSEY, MOORE and WALSH, Justices.

*ORDER*

This 12th day of May, 1992, upon consideration of the briefs of the parties, it appears to the Court that:

(1) This is an appeal from an order of the Family Court which dismissed appellant's, Juanita Ellington ("Mother"), petition for *de novo* review of a master's decision because of her failure to appear for trial. That order also confirmed the Melson calculation and recommendation of the master for child support. Essentially, Mother claims that while she requested trial *de novo*, as the respondent, she had no burden of coming forward with evidence and thus her failure to appear should not have resulted in dismissal. Strangely, Mother also questions this Court's jurisdiction to entertain her appeal because the Family Court order lacked finality.

(2) The child of Mother and Boyd Ledbetter ("Father") has resided with Yvonne Ledbetter ("Stepmother") since the age of two. The Stepmother has been the primary care giver of this eleven year old boy since 1982 because his parents have been absent from the child's household.

On October 7, 1988, Mother was ordered to pay support in the amount of $40 bi-weekly. This order was issued pursuant to an agreement between Mother and the Division of Child Support Enforcement ("DCSE") reached at a time when Stepmother was receiving public assistance. The Stepmother, who also cares for Father's three other children who are not the subject of this appeal, receives an additional $192 per month from social security because Father is medically disabled. Father pays no support because his sole source of income is social security benefits. This amount is less than the self support allowance used in the Melson formula.

On September 24, 1990, because she was no longer receiving public assistance, Stepmother filed a petition to modify the existing support order. On February 7, 1991, Mother, Father and Stepmother appeared at a

 

master's hearing on the petition for modification of support. As a result of this hearing, the master issued an order increasing support to $130 bi-weekly based on a Melson calculation. Attached to the master's order was a notice advising each party of the right to seek review *de novo*. Mother exercised this option.

On March 5, 1991, the Family Court, after an interim review of the master's recommendation, entered a temporary order modifying the master's support order to $90 bi-weekly. Trial *de novo* was scheduled for July 9, 1991. As the trial date neared, Mother asked for and received a continuance resulting in a new trial date of September 24, 1991.

On September 24, 1991, Stepmother appeared represented by counsel. Father appeared unrepresented. Mother failed to appear. However, her lawyer did appear. When it became clear that the Mother would not appear, the trial judge dismissed the *de novo* petition, but confirmed the master's order requiring Mother to pay support in the amount of $130 bi-weekly. The trial court issued a written decision to that effect on October 3, 1991. After denial of a motion for a new trial, Mother appealed to this Court.

(3) Preliminarily, Mother contends that this Court has no jurisdiction over this matter because the Family Court did not render a final judgment. Although this argument appears self-defeating, we disagree with her contention.

In *Redden v. McGill,* Del.Supr., 549 A.2d 695 (1988), we held that the Family Court must supply reasons, however brief, for the approval or disapproval of the master's recommendations. Here, the Family Court, in its October 3, 1991 order stated that the "Melson calculation and recommendations of the master, after review and approval of the Court, is confirmed as the order for child support." The Family Court later reaffirmed this order in its denial of Mother's motion for a new trial. Thus, the judgment of the Family Court was final and reviewable by this Court.

(4) Turning to the merits of the appeal, we consider Mother's contention that the Family Court erred in dismissing her application for review *de novo* because she failed to appear at trial. Mother argues that she was not required to appear because she had no burden of producing evidence.

After a hearing before a master in the Family Court, all parties must be advised of their right to a new trial before a judge. 10 *Del.C.* § 913(d). If a new trial is requested, the case is adjudicated without reference to the prior master's hearing. Thus, the party petitioning for a new trial is accorded *de novo* review. 10 *Del.C.* § 913(e). However, it is well settled in this State that a master's order becomes a final order if neither party takes an appeal or if the Family Court affirms the master. *State v. Wilson,* Del.Supr., 545 A.2d 1178 (1988).

Mother's contention that because she was not the petitioner before the master she had no burden of presenting evidence at the *de novo* hearing, misconceives her duty as the appellant seeking review. Here, Stepmother was not disputing the findings and recommendations of the master and accepted the support increase based on the Melson calculation which operates as a rebuttable presumption. *Ford v. Ford,* Del.Supr., 600 A.2d 25 (1991). The information used to calculate the Melson formula was readily available to the Family Court and it was incumbent upon Mother to produce evidence to rebut this presumption. *Id.* Stepmother was not required to "reprove" her case. The appellant was obligated to participate in the process she activated and her failure to appear at the hearing *de novo* operated as a waiver of her right to *de novo* review.

In *Burris v. Burris,* Del.Supr., No. 52, 1991, Christie, C.J., [1991 WL 181466] (Sept. 4, 1991) (ORDER), we held that a *de novo* review of a master's decision is not an absolute requisite to the enforcement of such order and may be waived by conduct of the party seeking such review. Here, Mother asked for and received an initial continuance. She then failed to appear at the rescheduled

trial. Her presence was necessary in order to move the process forward and her failure to appear inconvenienced the opposing party and constituted a waste of judicial resources. By failing to appear, Mother waived her right to review *de novo*. *Id.*

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court be, and the same hereby is, Affirmed.

BY THE COURT:

Joseph T. Walsh
Justice

APPENDIX C

602 A.2d 1081 (table)

IN THE SUPREME COURT OF THE STATE OF DELAWARE

Janis H. Burris, Respondent Below, Appellant,

v.

Howard Burris, Petitioner Below, Appellee.

No. 52, 1991

Submitted: July 16, 1991

Decided: September 4, 1991

Court Below—Family Court of the State of Delaware, in and for Sussex County: File No. CS89–4691, Petition No. 89–11–41–D.

Before CHRISTIE, Chief Justice, HORSEY, and MOORE, Justices.

*ORDER*

This 4th day of September, 1991, upon consideration of the record and the briefs of the parties it appears that:

(1) The appellee, Howard Burris ("husband"), filed a petition for divorce in the Family Court on November 17, 1989. On November 24, 1989 a summons issued which was served on the appellant, Janis Burris ("wife"), on December 2, 1989. The summons clearly stated that wife was required to file an answer within twenty days, but in fact no answer was filed. More than nine months later, on September 17, 1990, the husband filed a praecipe (with a copy to the wife), requesting that the divorce be scheduled for a hearing on September 27, 1990 as an uncontested divorce. On September 27, 1990 a master in Family Court held the scheduled hearing. The wife did not attend the hearing. The master found that the husband had met the requirements to obtain a divorce and indicated in the usual routine way that a decree should be issued if no petition for a review *de novo* were filed within ten days from the date of her order.

(2) On October 9, 1990 the wife filed: a) a motion requesting Family Court to retain jurisdiction of the case for consideration of ancillary issues, b) a request for a *de novo* hearing of the divorce matter before a Family Court judge, and c) an affidavit of dependency in connection with the wife's request for ancillary rulings. The Family Court ruled in effect on December 18, 1990 that: a) the wife could not at that stage in the proceeding file an answer to the divorce petition, but b) she would be permitted to file an answer limited to issues relative to ancillary matters which would be addressed by the court while it retained jurisdiction in the case. The trial court, thus, ruled that it would retain jurisdiction to address ancillary matters as requested by wife, but it would not permit the wife to have a second chance to assert defenses to the divorce petition.

(3) The court then held a teleconference regarding the petition to have a *de novo* hearing as a follow-up to the ruling already issued by the master on the uncontested divorce. The Family Court denied the motion for a hearing *de novo* on the divorce issue and in so doing ruled that by failing to file a timely answer to the divorce petition, the wife was deemed to have: a) admitted the averments of the complaint, b) waived her right to contest the divorce (Family

Court Civil Rule 8(e)), and waived her right to take part in a *de novo* hearing. The court went on to conclude that no useful purpose would be served by going through the form of a *de novo* hearing which would merely require the husband to again present his unchallenged testimony.

(4) On appeal the wife contends that the Family Court erred in failing to give her a chance to take part in a trial *de novo* although she regarded herself as being entitled to such trial as "an absolute right" under the provisions of 10 *Del.C.* § 913(d). She also contends that the Family Court erred in granting the divorce without a hearing *de novo*. These arguments are without merit in this case since the wife had already admitted the factual allegations which gave her husband the right to a divorce when she failed to answer the divorce petition (Family Court Civil Rule 8(e)), and a representation of the husband's testimony in a trial *de novo* when she had no right to participate would have been an empty gesture.

(5) In her reply brief appellant states that "Rule 104.1[(b)] of the Family Court Civil Rules indicates that even uncontested divorces are to be heard on a regular schedule set by the Court." This statement is a *non-sequitur* in this case. The case was heard in accord with a regular schedule, and Family Court Civil Rule 104.1(f) specifically provides that uncontested divorce proceedings may be conducted by a master in accordance with 10

*Del.C.* § 913. A proper hearing was held, but appellant waived her right to demand a *de novo* divorce hearing before a judge by failing to file the required answer to the divorce petition.

(6) The wife also contends that she should have been allowed to file an untimely answer (many months late) or at least to participate in a *de novo* divorce hearing to press issues which she would have brought before the court had she filed a timely answer. These arguments ignore the clear provisions of Family Court Civil Rule 8. Under the unusual circumstances of this case the wife's contentions are without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

Andrew D. Christie
Chief Justice