**Darren E. CLERMONT, Respondent Below, Appellant,**

v.

**DCSE/Sara B. CLERMONT, Petitioner Below, Appellee.**

No. 196, 1998.

Supreme Court of Delaware.

Submitted: Dec. 2, 1998.

Decided: Dec. 30, 1998.

Norman E. Levine, of Levine & Thompson, Wilmington, Delaware, for appellant.

2. Father originally received full custody of the children, but a Virginia court vacated this arrangement on December 20, 1979, slightly over three months after the initial custody finding.

David W. Lynch, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for appellee.

Before VEASEY, Chief Justice, HARTNETT and BERGER, Justices.

PER CURIAM:

In this appeal, we reverse the trial court's entry of an order setting arrears in a child support action. We remand for a determination consistent with this opinion. The Family Court entered the order using only the moving papers submitted by the parties after having stated that it would hold a hearing on matters pertaining to the arrears. We are asked to determine whether the Family Court's failure to hold an evidentiary hearing, under these circumstances, amounted to an abuse of discretion on the particular facts in this record. We find that it does.

### Facts

Darren E. Clermont ("Husband") and Sara B. Clermont ("Wife") married in the state of Washington on September 4, 1970. They had two children through this marriage. In late 1979, both parties received uncontested divorces, Husband in Virginia and Wife in Washington. Wife retained full custody of the children.[2] On November 22, 1983, in a judgment on Wife's Petition for Modification of the Decree of Dissolution, a Washington court ordered Husband to pay $600 per month child support.[3]

On January 12, 1994, Wife filed a Reciprocal Petition for Support in Delaware Family Court, claiming that Husband owed her for arrears in child support under the Washington order. The master assigned by the Family Court to this case entered an order on January 31, 1995 registering Husband's Washington support obligation. Husband filed a Review de Novo of that order on

3. Courts in Virginia and Kansas had previously ordered Husband to pay child support to Wife. In 1991, the Kansas court terminated Husband's obligations, finding that the children had reached majority and no arrearage remained.

February 9, 1995 pursuant to 10 *Del.C.* § 913 ("Section 913"). The Family Court entered an interim order on February 13, 1995, and a second master again entered an order on March 7, 1995 registering Husband's Washington support obligations. Father filed another Review de Novo on March 21, 1995 and the Family Court held a hearing on this matter on May 22, 1995. Unfortunately, the Family Court judge that held the hearing passed away before rendering a decision on Husband's Review de Novo and no record of the May 22, 1995 hearing survives.

On February 2, 1996, the new judge assigned to the case entered an order affirming the masters' January 31, 1995 and March 7, 1995 orders. Without holding a hearing, the Family Court held that Husband must exhaust his challenges to the Washington support obligations in the appropriate Washington court. The Family Court reserved jurisdiction to revisit the matter upon resolution of the Washington proceedings.

On August 7, 1997, Wife filed a Motion to Register the final Washington order entered on May 23, 1997, and to schedule a hearing to set arrears, reduce the arrears to judgment and set a schedule for payment of the judgment. On August 18, 1997, Husband filed a response, also requesting a hearing on these matters and additionally requesting that the hearing address the actual registration in Delaware of the May 23, 1997 Washington order.

On February 25, 1998, a third judge assigned to the case entered an order registering the December 5, 1983 Washington order and requesting an accounting from the Washington child support agency. In this order, the Family Court stated that "[a]fter the Court is in receipt of the accounting a hearing shall be scheduled to set the amount of arrears, reducing the amount to a judgment ... and to set a schedule for payment of the arrears...."

On March 17, 1998, Mother filed a Motion to Set Arrears and Payment Schedule. On March 30, 1998, Father filed an Answer requesting that the Family Court schedule a hearing as contemplated in the February 25, 1998 order. The Family Court never held such a hearing, and on April 2, 1998, it entered an order setting arrears, reducing the arrears to judgment and setting a payment schedule.

### Requirement of a Hearing in a Review de Novo

■ Section 913 covers the appointment of masters to hear certain Family Court cases and the appropriate review of their determinations. Section 913(e) specifically provides that "[u]pon request for review de novo, the case shall be ... treated for all purposes as if it had not been referred to a Master." This language does not, however, grant the party petitioning for review a right to a hearing, only a right to a *de novo* determination by a Family Court judge. Family Court Civil Procedure Rule 7(b)(3) ("Rule 7(b)(3)") states,

> [w]hile either party may request ... oral argument of a motion or an evidentiary hearing thereon, the Judge to whom the motion is presented may decide the motion on the moving papers submitted to the Court without further notice to either party unless the interests of justice required otherwise.

This means that the Family Court has authority, in its discretion, to meet the requirements of Section 913(e) without the need for a hearing. Therefore, this Court will review the trial court's failure to hold a hearing for abuse of discretion rather than for error of law.[4]

Even though we use the more deferential abuse of discretion analysis, we find that this case presents a situation where the interests of justice required a hearing. First, the Family Court originally granted, and held, a hearing in 1995. Through no fault of either party, this hearing did not result in any determination and no record remains of it.

---

4. In arguing that the correct standard of review *is for* error of law, Husband points to *Division of Child Support Enforcement v. Neal,* Del.Supr., 687 A.2d 1324 (1997). Dicta in that case should not be read to require a hearing upon application for Review de Novo under Section 913(e). Rule 7(b)(3) allows the Family Court to exercise its discretion in deciding whether or not a requested hearing is necessary.

Second, in their respective moving papers, both parties requested a hearing in connection with the entry of the Washington support obligations. Finally, the Family Court judge specifically stated that he would hold such a hearing before rendering a final decision. The parties could reasonably infer that the hearing the Family Court intended to hold would be an evidentiary hearing since Rule 7(b)(3) refers to an evidentiary hearing.

The unrecorded 1995 hearing and the requests by both parties for a new hearing are not dispositive to this case. They are factors that the Family Court should have taken into account in deciding whether or not to hold a hearing. While they may indicate that a hearing would be appropriate, they are not enough, alone, to require reversal of the Family Court's decision not to hold an evidentiary hearing in the Review de Novo.

Here, however, both parties were justified in relying on the fact that the Family Court would hold a hearing on issues concerning the Washington support obligations. In their briefs to this Court, both expressed surprise in the fact that the Family Court

ruled solely on the moving papers. We do not find unreasonable the proposition that Husband may have relied to his detriment upon the promised hearing in preparing his moving papers. The interests of justice require that, under the unique facts of this case, the Family Court either should have held an evidentiary hearing on the Washington support obligation or should have given the parties sufficient notice of its intent not to hold such a hearing.

### Conclusion

In light of the foregoing, we reverse the judgment of the Family Court and remand this matter for an evidentiary hearing to set the amount of arrears, reduce the amount to judgment and set a payment schedule.