IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CALVIN VINCENT,[1] | § | |
| | § | No. 436, 2014 |
| Respondent/Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware, in and |
| v. | § | for New Castle County |
| | § | |
| DIVISION OF CHILD SUPPORT | § | File No. CN07-01807 |
| ENFORCEMENT/EMILY | § | |
| CARTWRIGHT, | § | Pet. Nos.   13-21770 |
| | § |               14-03946 |
| Petitioners/Respondents Below, | § | |
| Appellees. | § | |

Submitted:  December 24, 2014
Decided:     March 2, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

# ORDER

This 2nd day of March 2015, upon consideration of the appellant's opening brief and appendix and the appellees' motion to affirm,[2] it appears to the Court that:

(1)     In March 2008, the parties, appellant-Calvin Vincent ("Father") and appellee-Emily Cartwright ("Mother"), entered into a year-long protection from abuse ("PFA") consent order that, among other things,

---

[1] By Order dated August 14, 2014, this Court *sua sponte* assigned pseudonyms to the parties. Del. Supr. Ct. R. 7(d).

[2] The motion to affirm filed by appellee-Division of Child Support Enforcement on December 23, 2014 was adopted by appellee-Emily Cartwright on December 24, 2014.

required Father to pay, through a "temporary wage attachment," $185 per week in "temporary child support" to appellee-Division of Child Support Enforcement ("DCSE") on behalf of Mother and for the benefit of Mother and Father's two children. The wage attachment was to remain in effect only for the duration of the PFA consent order, which ended in March 2009, but instead it continued until April 2013, when it finally stopped due to Father's unemployment. The record does not reflect why the wage attachment continued or why Father waited until 2013 to look into the matter.

(2) In July 2013, DCSE, on behalf of Mother, filed a petition for child support (hereinafter "Child Support Petition") against Father. In January 2014, pending a hearing on the petition, a Commissioner issued an interim order directing that Father pay $0 in child support and that DCSE audit Father's account to determine if a credit was owed to him, and the amount of that credit. Upon Father's request for review of the Commissioner's order, the Family Court affirmed.

(3) On February 24, 2014, Father filed a "motion for refund" (hereinafter "Refund Petition"). Father's Refund Petition was scheduled to be heard with the Child Support Petition on March 20, 2014. At the outset of the March 20 hearing, however, the Commissioner determined that the

2

Refund Petition could not be heard because Father had not properly served it on DCSE. The hearing went forward on the Child Support Petition and at the conclusion of the hearing the Commissioner took the matter under advisement, indicating that she would try to issue a written decision within a week.

(4) On March 26, 2014, Father filed a second "motion for refund," which was dismissed as "duplicative" on March 28, 2014, after a Commissioner determined that it sought the same relief as the pending Refund Petition. On April 28, 2014, Father filed a request for review of the Commissioner's order.

(5) On March 27, 2014, eleven days before the Commissioner issued her written order on the matters taken under advisement, Father filed a "petition/motion for review of commissioner's order." Father's "petition/motion for review" made anticipatory objections to, among other things, the Commissioner's "use of the Melson formula" when determining Father's child support obligation and to any order that he pay "cash medical support." Also, as with his second "motion for refund," Father's "petition/motion for review" requested the same relief as the pending Refund Petition, namely "a judgment ordering DCSE to reimburse [Father]

3

for all money, approximately $40,000, collected illegally by DCSE, beyond the agreed time, and without a court order."

(6) On April 7, 2014, the Commissioner issued the order on the matters taken under advisement on March 20, 2014. The Commissioner dismissed the Refund Petition without prejudice for Father's failure to serve DCSE and granted the Child Support Petition retroactively to July 2011. When determining Father's net retroactive child support obligation, the Commissioner offset Father's gross retroactive child support obligation, which was based on the parties' income information from July 2011 to April 2013, with the total amount of child support payments made by Father over the same period.[3] The Commissioner refused to credit Father for any child support payments made between March 2009 and July 2011 on the basis that Father was obligated to support his children during those years whether or not there was a valid child support order in place, and that Father could have filed, but did not, a petition to modify the child support that continued to be withheld from his wages after the expiration of the PFA consent order.

(7) Following the Commissioner's April 7, 2014 order, Father filed a third "motion for refund" (hereinafter "Amended Refund Petition") on

_____

[3] The Commissioner determined that Father was entitled to a credit of $3,719.00.

4

April 28, 2014. Also, on May 8, 2014, Father filed a request for review of the Commissioner's April 7, 2014 order.

(8) By order dated July 15, 2014, the Family Court ruled on Father's three pending requests for review. Also, the court advised Father that his Amended Refund Petition would not be scheduled for a hearing until Father showed proof of service on DCSE. On the requests for review, the court affirmed the March 28, 2014 dismissal of Father's "motion for refund" filed on March 26, 2014. The court dismissed the "petition/motion for review of commissioner's order" for Father's failure to provide a transcript. The court dismissed the request for review of the April 7, 2014 order as untimely filed.

(9) When considering an appeal from a Family Court order, this Court's standard and scope of review involves a review of the facts and the law, as well as the inferences and deductions made by the court.[4] To the extent the issues on appeal implicate rulings of law, we conduct a *de novo* review.[5] If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[6] To the extent the issues on appeal implicate

---

[4] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).

[5] *Id.* (citing *In re Heller*, 669 A.2d 25, 29 (Del. 1995)).

[6] *Powell v. Dept. of Serv. for Children, Youth & their Families*, 963 A.2d 724, 731 (Del. 2008).

5

rulings of fact, we conduct a limited review of the factual findings of the Family Court to assure that they are sufficiently supported by the record and are not clearly wrong.[7] We will not disturb inferences and deductions that are supported by the record and are the product of an orderly and logical deductive process.[8]

(10) In his first two arguments on appeal, Father claims that the Family Court erred when dismissing his requests for review. According to Father, his request for review of the April 7, 2014 order was timely filed and if not, the delay should have been excused. Father contends that the dismissal of his "petition/motion for review of commissioner's order" was "inequitable" under the circumstances. Father's claims are without merit.

(11) Under 10 *Del. C.* § 915 and Family Court Civil Rule 53.1 ("Rule 53.1"), a request for review of a Commissioner's final order must be filed within thirty days from the date of the order.[9] In this case, Father's request for review of the Commissioner's order dated April 7, 2014 was due on or before May 7, 2014. Father did not file the request for review until May 8, 2014. The request was untimely filed.

---

[7] *Id.* (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).

[8] *Mundy v. Devon*, 906 A.2d 750, 752-53 (Del. 2006) (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).

[9] 10 *Del. C.* § 915(d)(1); Del. Fam. Ct. Civ. R. 53.1(b).

(12) To the extent Father argues that any delay in filing the request for review should be excused because of "confusion" caused by the Family Court, we disagree. Having carefully reviewed the record, it does not appear that Father's one-day delay in filing the request for review was due to court-related error.[10]

(13) Father argues that his request for review was timely filed by operation of Family Court Civil Rule 6(d) ("Rule 6(d)"), which adds three days to a prescribed period after service by mail.[11] His argument is without merit. Rule 6(d) relates to service of papers upon one party by another party, not to the statutory time limitation governing a request for review of a Commissioner's order.[12]

(14) Father argues that the dismissal of his "petition/motion for review of commissioner's order" for his failure to provide a transcript of the March 20, 2014 hearing was "inequitable," because the court did not need the transcript to decide the "petition/motion for review." Father's argument is without merit. Under Rule 53.1(c), "unless all parties agree to a statement

---

[10] *See Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (permitting untimely appeal when delay in filing appeal was caused by court-related personnel).

[11] *See* Del. Fam. Ct. Civ. R. 6(d) (providing for additional time after service by mail).

[12] *Carling v. Carling*, 1998 WL 668033 (Del. Fam. Ct. June 25, 1998). *Cf. Nieves v. State*, 2012 WL 112501 (Del. Jan. 12, 2012) (regarding Del. Supr. Ct. R. 11(c)); *Martin v. Widener University School of Law*, 1993 WL 61685 (Del. Feb. 9, 1993) (regarding Del. Chan. Ct. R. 6(e)); *Wallace v. P & C Roofing*, 2011 WL 5835021 (Del. Super. Nov. 15, 2011) (regarding Del. Super. Ct. Civ. R. 6(e)).

of facts" or the court, upon request, agrees "to accept an electronic recording of the proceedings in lieu of the transcript," a party requesting review of a Commissioner's order is required to provide a transcript of the proceedings before the Commissioner.[13] Under Rule 53.1(i), "[a] party appealing an order of a commissioner who fails to comply with the provisions of this rule or with the direction of the Court as to the appeal shall be subject to dismissal of said appeal."[14]

(15) In this case, based on his belief that a transcript was not necessary to decide his "petition/motion for review of commissioner's order," Father did not provide a transcript of the proceedings on March 20, 2014, despite having received notice from the court that he was required to do so. Under these circumstances, we conclude that the Family Court did not abuse its discretion when dismissing the "petition/motion for review" for Father's failure to provide the transcript.

(16) Finally, in his third argument on appeal, Father advances the merit of his claims that the Commissioner's April 7, 2014 order erred when determining his child support obligation and when refusing to credit him for child support payments made between March 2009 and July 2011. Father's

---

[13] Del. Fam. Ct. Civ. R. 53.1(c).
[14] Del. Fam. Ct. Civ. R. 53.1(i).

8

claims are unavailing. This Court does not have jurisdiction to hear an appeal directly from the Commissioner's April 7, 2014 order.[15] Father lost his right to appellate review when he failed to file a timely request for review of the order in the Family Court.[16]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[15] 10 *Del. C.* § 915(d); *Redden v. McGill*, 549 A.2d 695, 698 (Del. 1988).

[16]*Richmond v. Div. of Family Serv.*, 1999 WL 734725 (Del. Supr.) (citing *Div. of Child Support Enforcement/Smith v. Neal*, 687 A.2d 1324 (1997); *Redden v. McGill*, 549 A.2d 695, 698 (Del. 1988)).